**DeLOZIER BROTHERS, INC., a Wyoming corporation, and the Travelers Indemnity Company, a Connecticut corporation, Appellants (Appellants/Plaintiffs),**

v.

**FREMONT COUNTY SCHOOL DISTRICT NO. 14, and Eternit, Inc., A Delaware corporation, Appellees (Appellees/Defendants).**

No. 87–174.

Supreme Court of Wyoming.

Dec. 22, 1987.

L.M. Chipley of Western Law Associates, P.C., Lander, for appellants.

B.J. Baker and C. John Cotton of Brown & Drew, Casper, and Tracy J. Copenhaver of Copenhaver & Kahl, Powell, for appellees.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

This is an appeal from a district court order confirming an order of the county court in Lander granting summary judgment to appellee Eternit, Inc. (Eternit)[1] to recover on a public contractor's bond for a public construction project. Appellants, DeLozier Brothers, Inc. (DeLozier) and Travelers Indemnity Company (Travelers) present two issues on appeal:

"A. As a matter of law, does a supplier to a materialman to a subcontractor to a contractor, have a claimable interest pursuant to Title 16, Chapter 6 of the Wyoming Statutes?

"B. As a matter of policy, when a subcontractor's materialmen on a public project becomes insolvent and cannot pay his supplier, who should bear the loss— the supplier dealing with the insolvent materialman or the general contractor who only becomes aware of the problem after completion of the job?"

In early August, 1984, DeLozier entered into a contract with Fremont County School District No. 14 (Fremont) for construction of an addition to the Mill Creek Elementary School near Ethete, Wyoming. Part of this contract required appellants to furnish a labor and materials bond as required by § 16–6–112, W.S.1977 (October 1982 Replacement). DeLozier was the principal on the bond and Travelers was the surety.

Several days after DeLozier entered into the contract and bond agreement they subcontracted with Wind River Glass, Inc.

(Wind River) to furnish labor and materials for installation of wood windows, window walls, glass, glazing and special composite building panels. These panels were non-standard and Wind River ordered them specially manufactured from Eagle of Wyoming (Eagle) in Casper. Eagle, in turn, ordered the panels from Eternit.

Eternit manufactured the panels, shipped them directly to the Mill Creek Elementary School building site and invoiced them to Eagle. Wind River installed the panels and received payment from DeLozier under the subcontract. Wind River then paid Eagle in full. Eagle subsequently became insolvent before making payment to Eternit.

In mid-June, 1985, Glen Klinger, Vice-President of finance for Eternit, notified the architect for the Mill Creek project and the company that issued the bond that it had not been paid and would assert a claim on the bond. On July 8, 1985, Mr. Klinger sent a formal claim on the bond to Fremont by another letter to the architect. On September 9, 1985, counsel for Eternit sent a formal claim on the bond to Travelers and DeLozier. All facts to this point were stipulated to by the parties.

Travelers and DeLozier refused to pay the claim. On December 23, 1985, DeLozier filed a complaint against Fremont and Eternit in county court in Lander seeking a declaration that $4,650 held by Fremont as retainage be turned over to DeLozier as general contractor. Eternit answered and counterclaimed for the money. On January 9, 1986, Fremont answered, counterclaiming against DeLozier, cross claiming against Eternit and asking for interpleader so that the $4,650 could be paid into the court, which would then dismiss Fremont from the litigation.

DeLozier moved for summary judgment on January 21, 1986. The parties stipulated to the interpleader request of Fremont and the court dismissed Fremont from the litigation upon payment of the $4,650 to the clerk. Eternit then moved to join Travelers as a party plaintiff, and an order to that effect was issued April 14, 1986. Eternit responded by amending its counterclaim to include Travelers.

---

**1.** Eternit was formerly known as GII Corpora-  tion through mid-January 1986.

On July 1, 1986, the court issued an order denying DeLozier's motion for summary judgment. Trial was set for September 5, 1986. During a pretrial conference all parties agreed to submit the case to the court on a stipulated statement of facts, and the court granted summary judgment in favor of Eternit for $4,650, interest and costs on November 7, 1986. DeLozier and Travelers then moved for a stay of execution on the judgment and appealed the decision to the district court. The district court affirmed the summary judgment on June 23, 1987, and this appeal followed.

Appellant argues that a § 16–6–112 bond only protects parties in contractual privity with the general contractor. This court recently held in *D & L Building, Inc. v. Maltby Tank & Barge, Inc.*, Wyo., 747 P.2d 517 (1987), that the plain language of § 16–6–112 provides coverage under a contractor's bond to a materialman not in privity of contract with a subcontractor or general contractor on a Wyoming public works project. We adopt that analysis in this case also.

Affirmed.